UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALI MOHAMED, FATMA MOHAMED, et al.,<br><br>        Defendants. | Case No. 24-cv-01181-TLT<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO APPEAR (1/7/25); REFERRAL TO THE HELP DESK**<br><br>NCD: 4/17/2025 at 2:00 PM (via video conference) |

## I. ORDER TO SHOW CAUSE: FAILURE TO APPEAR

Defense counsel Richard J. Morin has failed to appear for two hearings before this Court. On October 17, 2024, the Court held an initial case management conference in which Defense counsel Morin failed to appear without any prior communication. ECF 28. On August 15, 2024, Defendants separately filed identical motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), arguing that Plaintiff failed to join a necessary and indispensable party. ECF 17, 18. The Court held hearing on the Defendants' motion to dismiss on January 7, 2025. Defense counsel Morin again failed to appear for the hearing without any prior communication.

Plaintiff's counsel has informed the Court that he has been unable to contact defense counsel since November. In their latest phone call, Plaintiff's counsel informs the Court that defense counsel communicated an intention to no longer be part of the litigation. However, defense counsel has not filed a motion to withdraw as attorney. It is unclear whether the Defendants are aware of defense counsel's wish to no longer be part of the litigation.

The Court **ORDERS** defense counsel Richard J. Morin **TO SHOW CAUSE** for failure to appear in two hearings before this Court. Defense counsel is ordered to file a written response by **February 6 2025**, no more than two pages, double spaced, providing good cause reason for failure

to appear such as health related impediments. If defense counsel no longer wishes to be part of litigation, defense counsel must file a motion to withdraw as attorney as well as adhere to Civil Local Rules regarding withdrawal. *See*, Civil L.R. 11-5 et. seq.

Additionally, the Court invites Plaintiff's counsel to file under seal a request for sanctions and cost-based fees for the January 7, 2025 hearing no later than January 9, 2025.

## II.   REFERRAL TO THE HELP DESK

If, during the pendency of an action, any person wishes to prosecute or defend an action in forma pauperis, the person must file an Administrative Motion to Proceed In Forma Pauperis pursuant to Civil L.R. 7-11.

Defendants are **encouraged** to seek free legal assistance from the Legal Help Center located in the San Francisco courthouse. The Legal Help Center will not represent Defendants as their lawyer but can provide basic legal assistance at no cost.  Defendants can schedule an appointment by calling 415-782-8982 or emailing FedPro@sfbar.org.

Defendants can find more information at https://cand.uscourts.gov/pro-se-litigants/.  The court also has a free guide "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial.

Defendants can access the guide online (https://cand.uscourts.gov/pro-se-handbook/ ) or in hard copy free of charge from the Clerk's Office.

A Further Case Management Conference set for 4/17/2025 at 2:00 PM in San Francisco - Videoconference Only. Joint Case Management Statement due by 4/10/2025.   Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case. *See*, Civil L.R. 11-5 et. seq.

1   If Defense Counsel withdraws and the Defendants become self-represented litigants, the
2   Defendants may file a separate case management statement.
3   **IT IS SO ORDERED.**
4   Dated: January 7, 2025

_____
TRINA L. THOMPSON
United States District Judge

3